Jo–Ann T. **DONOFRY**

v.

**NAZARETH HOSPITAL.**

Jane **SAMMONS**

v.

**NAZARETH HOSPITAL.**

Marie K. **DONOHUE**

v.

**NAZARETH HOSPITAL.**

Linda Carey **McNELIS**

v.

**NAZARETH HOSPITAL.**

**Civ. A. Nos. 89–4790 through 89–4793.**

United States District Court, E.D. Pennsylvania.

Sept. 27, 1989.

Hyman Lovitz, Lovitz and Gold, P.C., Philadelphia, Pa., for all plaintiffs.

Michael F. Kraemer, and Gale White, White & Williams, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the plaintiffs' motion to remand the above-entitled actions to the Court of Common Pleas of Philadelphia County. This motion is made pursuant to 28 U.S.C.A. § 1447(c) (West Supp.1989).[1] The plaintiffs originally filed their actions in the Court of Common Pleas of Philadelphia County in the May Term of 1989. On June 29, 1989, the defendant filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania. In that notice, the defendant claimed that the federal courts had jurisdiction, pursuant to 28 U.S.C. § 1331, because "[t]he plaintiff's complaint seeks recovery, *inter alia,* under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c)."[2] On August 2, 1989, the plaintiffs filed this motion to remand on the grounds that the plaintiffs' causes of action were not founded upon any claim or right arising under the Constitution, treaties or laws of the United States.

The federal courts are courts of limited jurisdiction. "[T]he fair presumption is ... that a cause is without [the court's] jurisdiction, until the contrary appears." *Turn-*

---

**1.** 28 U.S.C.A. § 1447(c) reads:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case. (Emphasis supplied)

Although the plaintiffs made their motion four days after the thirty-day period mentioned above, their basis for remand is not a procedural defect in removal. The plaintiffs argue a lack of subject matter jurisdiction—in this case, lack of a federal question. The defendant's argument that the court should not consider this motion on the grounds of untimeliness must, therefore, fail.

**2.** 29 U.S.C.A. § 660(c) (West 1985) reads:

*(c) Discharge or discrimination against employee for exercise of rights under this chapter; prohibition; procedure for relief*

(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

(2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

(3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection.

er v. Bank of North America, 4 Dall. 7, 10, 1 L.Ed. 718, 719 (1799). When a party wishes to remove a case from state to federal court, the removal statute, 28 U.S.C. § 1441, has been strictly interpreted. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

28 U.S.C.A. § 1331 (West Supp.1989) provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In Count I of their complaints, the plaintiffs allege wrongful termination in violation of a public policy which "precludes an employer from terminating an employment in retaliation against the employee for filing a claim for workmen's compensation benefits." *Complaint,* paragraph 10. No federal question jurisdiction would exist in the instant cases under Count I of the complaints. In Count II of the complaints, however, the plaintiffs allege wrongful termination "in violation of public policy as enunciated in the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c) and the Pennsylvania Worker and Community Right-to-Know Act, 35 P.S. § 7301 et seq. and § 7313(a) which preclude the termination of an employment because the employee has complained or protested against unsafe and life-threatening conditions present in the workplace and who properly refused to work under such conditions." *Complaint,* paragraph 23. The defendant argues that it is this paragraph which causes these cases to become actions "arising under the ... laws ... of the United States."

How a suit "arises under" the laws of the United States has been variously defined. It has been said that

[A] suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. *Shulthis v. McDougal,* 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1950). Plaintiffs' right to sue must be founded directly upon a federal law.

*Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A case arises under a federal law if rights claimed by one party may be defeated by one construction of the statute and sustained by the opposite construction. *Gully, supra,* at 112, 57 S.Ct. 96.

*PAAC v. Rizzo,* 363 F.Supp. 503, 506 (E.D. Pa.1973), *modified on other grounds,* 502 F.2d 306 (3d Cir.) *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1974).

Pennsylvania recognizes a cause of action for wrongful termination of employment, if such termination is based upon the violation of some significant and recognized public policy. *Novosel v. Nationwide Insurance Co.,* 721 F.2d 894 (3d Cir.1983). "The sources of public policy (which may limit the employer's right of discharge) include legislation, administrative rules, regulation or decision...." *Klages v. Sperry Corp.,* 118 L.R.R.M. 2463, 2468 (E.D.Pa. 1984) (Federal legislation in the form of the federal securities laws furnishing the source of public policy in a diversity action for wrongful termination of employment.) In the instant case, the Occupational Safety and Health Act of 1970 (OSHA) is adverted to only as a repository of public policy. "The primary purpose of the OSH Act is to assure safe and healthful working conditions for workers. Section 11(c) [660(c)] is designed to further that public policy." *Marshall v. Intermountain Electric Co., Inc.,* 614 F.2d 260, 262 (10th Cir.1980).

The fact that one of the sources of public policy mentioned in the complaints is a federal statute does not transform these actions into ones "arising under" the laws of the United States. We reject the bootstrapping argument that anytime a federal court decides whether a federal statute does or does not confer jurisdiction, the court has, of necessity, decided a dispute concerning the statute sufficient to confer jurisdiction. To decide the plaintiffs' cases, a court will not have to pass upon the validity, construction, or effect of OSHA. The rights claimed by the plaintiffs will not be "defeated by one construction of the statute and sustained by the opposite construction," *PAAC,* 363 F.Supp. at 506, because there is nothing to "construe."

OSHA is used in the instant case only as source of public policy and not as a statute whose provisions are bound up with the vindication of the plaintiffs' rights. Indeed, on the face of the statute, it is plain that OSHA is not a vehicle for the vindication of *private* rights at all. *See* 29 U.S.C. § 660(c). *Cf. Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 3236, 92 L.Ed.2d 650 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331.")

Accordingly, we find that the plaintiffs' cases constitute no actions arising under the laws of the United States. If the Congress had intended private actions under 29 U.S.C. § 660(c), it would have said so. No other grounds for federal jurisdiction have been presented to this court. Since there is a lack of federal jurisdiction in the instant cases, we shall grant the plaintiffs' motion to remand these cases to the Court of Common Pleas of Philadelphia County.