609 A.2d 147

**William F. SCARPITTI, Jr. and Susan J. Scarpitti, his wife, Joseph Hines and Judith Hines, his wife, Appellees,**

**v.**

**William WEBORG, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 13, 1992.

Decided May 15, 1992.

Stephen A. Tetuan, Erie, for appellant.

John H. Moore, Erie, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This case presents the question of whether purchasers of lots in a residential subdivision, who are required by subdivision restrictions recorded of public record to have their house construction plans reviewed and approved by an architect retained by the subdivision developer, are intended beneficiaries of the implied contract between the developer and the architect, and, as a result, have a cause of action against the architect for any breach of said contract for his alleged failure to properly review and approve the plans of other lot purchasers in the subdivision.

Appellees, lot owners in the Winchester subdivision, instituted an action against appellant, architect William Weborg, seeking damages for his arbitrary enforcement of the subdivision restrictions. Appellant's preliminary objections in the nature of a demurrer were sustained by the trial court and appellees' complaint dismissed with prejudice. On appeal, the Superior Court reversed, 400 Pa.Super. 632, 576 A.2d 1144, and held that appellees had a cause of action as third party beneficiaries of the implied contract between appellant and the subdivision developer. We agree.

We begin by noting that for purposes of review of a dismissal on the pleadings in the nature of a demurrer, the averments of the petition, except to the extent they constitute conclusions of law, must be taken as true. *Cianfrani v. Com., State Employees' Retirement Bd.*, 505 Pa.

294, 479 A.2d 468 (1984). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible, and where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Muhammad v. Strassburger, et al.*, 526 Pa. 541, 587 A.2d 1346 (1991), *cert. denied,* — U.S. ——, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991).

Viewed in light of the aforementioned standards, the complaint avers that appellees William and Susan Scarpitti and Joseph and Judith Hines purchased residential lots located in the Winchester South Subdivision in Erie, Pennsylvania, from Winchester Development Company, Inc. (Winchester), the successor in interest to the original developer Red Dog Realty Partnership (Partnership). Each of the lots purchased by the Scarpittis and the Hineses are, and were at the time of purchase, subject to certain recorded deed restrictions. Restriction No. 2 provides that:

No more than one single family dwelling with no less than a two car nor more than a two and one-half car attached garage, shall be erected on any lot in the subdivision.

Restriction No. 7 provides that:

No dwelling, tennis court, swimming pool, fence, or other structure shall be erected or maintained on any lot in the subdivision unless the plans therefore, showing the nature, kind, shape, height, material, color scheme, and location of said structure, and the elevation and grading plans of the lot to be built upon, shall have been submitted to and approved in writing by the architectural firm of William Weborg Associates or such other authority as the Partnership, by a duly recorded amendment to these Restrictions, may designate for that purpose.

In accordance with Restriction No. 7, appellees submitted their construction plans to William Weborg, appellant, for approval. Appellees' plans were disapproved by appellant because their plans contained three car garages in violation of Restriction No. 2. Subsequently, based upon appellant's

denial, appellees constructed homes with two or two and one-half car garages in accordance with Restriction No. 2. Some time later, however, appellant approved plans of other lot owners in the Winchester South Subdivision for homes with three car garages.[1]

Appellant asserts that no privity of contract existed between the parties thereby precluding a contract claim, and no legal duty existed between the parties thereby precluding a tort claim. Appellees contend that a cause of action exists against appellant under a contractual third party beneficiary theory. Under this analysis, appellees assert that they were intended beneficiaries of the implied contract which retained appellant for the purpose of approving construction plans and enforcing the recorded restrictions of the Winchester South Subdivision, pursuant to Restriction No. 7.

The current rule in Pennsylvania for designation of a party as a third party beneficiary was first articulated in the seminal case of *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (1950) (plurality opinion). In *Spires,* we held that in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself. *Spires v. Hanover Fire Insurance Co.,* 364 Pa. at 57, 70 A.2d at 830–31. But, in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983), we carved out an exception to the *Spires* rule, and allowed the beneficiary of a will to recover for legal malpractice against an attorney, despite the fact that the beneficiary was not in privity of contract with the attorney and was not named specifically as an intended beneficiary of the contract. In so doing, we adopted the Restatement (Second) of Contracts, § 302 (1979), as a guide for analysis of third party

1. These plans that were approved by appellant which included three car garages were designed by appellant in his private capacity as a professional architect, and then approved by appellant in his capacity as the subdivision architect charged with reviewing construction plans and enforcing deed restrictions.

beneficiary claims in Pennsylvania. Restatement (Second) of Contracts, § 302 (1979) states:

Intended and Incidental Beneficiaries

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1979).

Consequently, this Court in *Guy* concluded:

There is thus a two part test for determining whether one is an intended third party beneficiary: (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."

*Guy v. Liederbach*, 501 Pa. at 60, 459 A.2d at 751. The first part of the test sets forth a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate. The second part defines the two types of claimants who may be intended as third party beneficiaries. If a party satisfies both parts of the test, a claim may be asserted under the contract. *Id.*

Appellant argues that the holding in *Guy* was intended to have very limited application, and that the Restatement (Second) of Contracts, § 302 (1979) applies only where the

court is faced with a legatee of a will as a possible third party beneficiary. Appellant cites numerous Superior Court opinions refusing to extend *Guy* to a new class of beneficiaries, contending that these cases stand for the proposition that *Guy* was intended to apply only to cases sufficiently similar on the facts. See, *Hatbob v. Brown,* 394 Pa.Super. 234, 575 A.2d 607 (1990); *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986); *Manor Junior College v. Kaller's Inc.,* 352 Pa.Super. 310, 507 A.2d 1245 (1986); *Fizz v. Kurtz, Dowd & Nuss, Inc.,* 360 Pa.Super. 151, 519 A.2d 1037 (1987); *Manning v. Aetna Casualty & Surety Co.,* 353 Pa.Super. 139, 509 A.2d 374 (1986); and *Meyers Plumbing and Heating Supply Company v. West End Federal Savings and Loan Association,* 345 Pa.Super. 559, 498 A.2d 966 (1985). In all of these cases, the Superior Court, although refusing to extend *Guy,* found that the third party was not an intended beneficiary either because there was no underlying contract, recognition of a right to performance was not appropriate to effectuate the intentions of the parties, or there was no clear intention to benefit the third party at the time the contract was entered into. Additionally, this Court never limited its holding in *Guy* to the facts of the case; rather, what this Court said in *Guy* was that "We believe that Restatement (Second) of Contracts § 302 (1979) provides an analysis of third party beneficiaries which permits a properly restricted cause of action for beneficiaries such as appellee. In adopting this standard, ..." *Guy v. Liederbach,* 501 Pa. at 59, 459 A.2d at 751. It is clear from the language of the opinion in *Guy* that this Court was adopting the Restatement (Second) of Contracts § 302 (1979) as the law of Pennsylvania. Nothing in the holding of *Guy* precludes appellees from being included in the narrow class of third party beneficiaries envisioned by this Court, if they show that they meet the requirements of § 302.

▮ Accordingly, we hold that a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the con-

tract itself, *Spires, supra, unless,* the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. *Guy, supra.*

Applying these principles to the case at bar, we find that appellees are intended third party beneficiaries of the implied contract between appellant and Winchester. The underlying contract is between appellant [promisor] and Winchester [promisee], whereby appellant promises to review all building plans and enforce the recorded subdivision restrictions. Obviously, the purpose of this agreement was to make the lots more attractive to prospective purchasers by assuring that other homeowners in the subdivision would be required to abide by the recorded subdivision restrictions. The third party beneficiary relationship, therefore, was within the contemplation of the promisor and the promisee at the time of contracting. It is the homeowners who have the greatest interest in uniform enforcement of restrictions and it is the homeowners who were benefitted by the establishment of a vehicle to enforce the restrictions. Hence, they were reasonable in relying upon the promise as manifesting an intention to confer a right on them. Although the agreement between appellant and Winchester does not expressly manifest an intent to benefit the subdivision homeowners, we find that recognition of a right to uniform enforcement of the deed restrictions in appellees is appropriate to effectuate the intention of the parties.

In this case, the architect is the promisor, promising to enforce deed restrictions which carry out the developer's intention to benefit the homeowners. The developer, the promisee, intends that the homeowners have the benefit of the architect's performance. Thus, it is patently clear that the parties, by establishing a vehicle for the enforcement of deed restrictions, intended to benefit the homeowners who purchased lots in the Winchester South Subdivision, at the

time the contract was entered into. Although not individually named, appellee homeowners were part of a limited class of persons intended to benefit from the agreement between appellant and Winchester, thus satisfying the second prong of *Guy* and subsection (b) of § 302 Restatement (Second) of Contracts (1979). In fact, we have not been informed of any other purpose for the employment of appellant to review construction plans, but for the benefit of the homeowners in the subdivision. Accordingly, we find that appellees, as third party beneficiaries, have a cause of action in accord with the principles of the Restatement (Second) of Contracts § 302 (1979), and *Guy*.

Appellant also contends that the availability to appellees of alternative sources of redress takes the case out of the holding of *Guy*. Appellant suggests that appellees institute suit against either Winchester or the offending homeowners in the subdivision. Although part of what made a cause of action appropriate in *Guy* was the fact that Mrs. Guy would have been left without recourse or remedy if we denied her third party beneficiary status, the critical point in *Guy* was that the beneficiary was an *intended* beneficiary, intended by the promisee to receive the benefit of the promised performance. Nevertheless, the Superior Court found, and we agree, that subdivision Restriction No. 23 precludes homeowners from bringing suit against the developer. Said subdivision restriction reads as follows:

> No delay or omission on the part of the Partnership or the owner of any other lot in the subdivision in exercising any right, power, or remedy herein provided for in the event of breach of any part of the provisions, conditions, restrictions, and covenants herein contained shall be construed as a waiver thereof or acquiescence therein; and no right of action shall accrue nor shall any action be brought or maintained by anyone whomsoever against the Partnership for or on account of the failure or neglect of the Partnership to exercise any right, power, or remedy herein provided for in the event of such breach.

Pursuant to this provision, the developer has no duty to enforce the subdivision restrictions and is essentially insulated from liability by virtue of this disclaimer. However, there is no such disclaimer that applies to appellant. Appellant, pursuant to his agreement with Winchester, assumed the duty of enforcing the subdivision restrictions and cannot now try to insulate himself from liability by bringing himself within the ambit of Restriction No. 23.[2]

We find, therefore, that the circumstances of this case are sufficiently compelling to warrant the application of the exception created in *Guy v. Liederbach*. Accordingly, the judgment of the Superior Court is affirmed. The case is remanded to the trial court with instructions to reinstate the complaint and proceed consistent with this opinion.

NIX, C.J., and FLAHERTY and ZAPPALA, JJ., concur in the result.

---

**2.** We do not decide the propriety of a suit against the offending homeowners, since the existence of an alternative remedy does not preclude one from being a third party beneficiary, entitled to assert a claim under the contract.