665 A.2d 833

**Raymond RAYKOVITZ, Appellant,**

v.

**K MART CORPORATION.**

Superior Court of Pennsylvania.

Argued June 28, 1995.

Filed Sept. 27, 1995.

David P. Tomaszewski, Wilkes–Barre, for appellant.

Joseph G. Ferguson, Wilkes–Barre, for appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

CERCONE, Judge.

This is a direct appeal from the trial court's order sustaining appellee's preliminary objections and dismissing appellant's complaint. We reverse and remand for further proceedings.

Plaintiff/appellant Raymond Raykovitz initially commenced an action by filing a complaint in the federal district court for the Middle District of Pennsylvania alleging that he was wrongfully discharged by K–Mart Corporation in violation of the public policy of Pennsylvania. Mr. Raykovitz had been collecting part-time Unemployment Compensation from a previous full-time job and working part-time at a K–Mart Corporation retail outlet. The manager of the store for which Mr. Raykovitz worked informed plaintiff that he could either stop collecting Unemployment Compensation or quit his job at K–Mart. Mr. Raykovitz asserted that this ultimatum was delivered because the manager disliked filling out the forms required to document for the Unemployment Bureau how much income Mr. Raykovitz received from K–Mart.

The federal district court dismissed the action for failure to meet the $50,000 amount in controversy requirement. Mr. Raykovitz transferred the matter to the Court of Common Pleas of Luzerne County. K–Mart filed preliminary objections alleging that Mr. Raykovitz's complaint failed to aver sufficient facts to support a claim for wrongful discharge based on a purported violation of public policy. The Honorable Michael T. Conahan dismissed the complaint for failure to set forth a claim indicating that a wrongful discharge occurred under conditions which clearly violated the public policy of Pennsylvania. The instant timely appeal followed in which appellant presents one issue for our consideration: "Do the actions of K–Mart Corporation, in wrongfully discharging Mr. Raykovitz for exercising his rights under the Unemployment Compensation Law, in violation of the clear mandate of public policy stated therein, form a sufficient basis to state a claim for which relief may be granted?"

The outcome of this case is governed by a recent Superior Court decision which held that an employer may not discharge

a part-time or occasional employee for seeking to collect Unemployment Compensation benefits. In *Highhouse v. Avery Transportation*, 443 Pa.Super. 120, 660 A.2d 1374 (1995), Judge Wieand opined as follows:

Generally, there is no common law cause of action for the discharge of an at-will employee. Exceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy.

An employer's liability for wrongful discharge rests on whether a well-recognized facet of public policy is at stake, a policy which strikes at the heart of a citizen's social right, duties, and responsibilities. The public policy exception is a narrow one. The basis of this limited, nonstatutory cause of action is an appreciation of the fact that the employer's interest in running his business efficiently, profitably, and as he sees fit is not absolute; important as it is, it exists in the context of, and must sometimes yield to, other interests, including the interest of the employee in making a living and the interest of the public in seeing to it that the employer does not act abusively and a proper balance between the employer's and the employee's interests is preserved.

*Id.* at 125, 660 A.2d at 1376–77 (citations and quotations omitted).

The right of an employee to receive unemployment compensation is a benefit granted by the Commonwealth. The Unemployment Compensation Law was enacted to alleviate the hardships attendant upon unemployment. Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Statutory law directs that no agreement by an [employee] to waive, release, or commute his rights to unemployment compensation, or any other rights under the Unemployment Compensation Law, shall be valid. Where a statute of the Commonwealth expresses a public policy designed to alleviate a condition of possible distress among the public or a segment thereof and *explicitly proscribes*

*waiver of the benefits of the act,* no private agreement, however valid between the parties, can operate as such a waiver.

We hold, therefore, that if the appellee-employer discharged appellant because he had made a claim for unemployment compensation during a period when he was not working and earning income, the discharge will constitute a violation of public policy and will support a tort claim for wrongful discharge.

*Id.* at 126–127, 660 A.2d at 1377–78 (citations and quotations omitted; emphasis in original).

The crucial question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Scarpitti v. Weborg,* 530 Pa. 366, 369, 609 A.2d 147, 148 (1992). Where doubt exists as to whether the demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Id.* at 369, 609 A.2d at 148–49. *Accord Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick,* 526 Pa. 541, 547, 587 A.2d 1346, 1349, *cert. denied,* 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). In reviewing a demurrer, the receiving court must accept the facts and all reasonable inferences to be drawn therefrom as presented by the party against whom the motion was granted. *Gabel v. Cambruzzi,* 532 Pa. 584, 588, 616 A.2d 1364, 1367 (1992) (citing *Muhammad, supra* ).

In this case, appellant's complaint averred that he began working part-time at K–Mart in October of 1988. Simultaneously with this part-time job, appellant worked full-time as the Director of the Child Development Council. However, he was furloughed from the Council position in November of 1991. Although appellant continued working part-time at K–Mart, full-time employment was not available with the corporation. Appellant therefore applied for partial unemployment benefits. This claim required the regular processing of certain forms by employees of K–Mart Corporation.

Appellant further asserts in his complaint that in June of 1992, the Bureau of Employment Security informed him that

his unemployment compensation benefits would be terminated because of the availability of full-time work at K–Mart. In response to this notice, appellant met with Mr. James Soucy, the manager of the K–Mart store at which he worked. Mr. Soucy allegedly informed appellant that there was no full-time employment available for him at K–Mart. The manager also explained that K–Mart no longer wished to process the weekly paperwork that was required for part-time employees who were receiving partial unemployment benefits due to their layoff from other full-time work. According to appellant, Mr. Soucy stated that if appellant ceased to receive unemployment compensation benefits, he would be welcome to work for K–Mart on a part-time basis, but that he would be fired if he persisted in claiming such benefits. Appellant continued to receive unemployment compensation accruing from his position as Director of the Child Development Council and, as threatened, K–Mart terminated appellant's part-time employment. *See* Complaint at ¶¶ 4–12.

Accepting these averments as true, we find that the complaint demonstrates that K–Mart Corporation dismissed appellant from his part-time job in retaliation after he continued to seek the unemployment compensation to which he was entitled under Pennsylvania law. Interpreting the pleadings in the light most favorable to the non-moving party, it is clear that appellant's factual averments are sufficient under *Highhouse* to make out a *prima facie* case of wrongful discharge. We therefore conclude that the trial court improperly dismissed the complaint. Accordingly, the complaint must be reinstated and the case must be permitted to proceed.

Order vacated. The case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.