**Lenford Washington BRYAN
and Angela Bryan**

v.

**ACORN HOTEL, INC., Dennis Attiyeh,
George Attiyeh, and Harred Fuel
Company.**

Civil Action No. 95–CV–2230.

United States District Court,
E.D. Pennsylvania.

July 18, 1996.

Richard J. Weiner, Weiner & Gall, Montvale, NJ, for Plaintiffs.

David Bargeron, Philadelphia, PA, for Defendant: D. Attiyeh.

David Nichols, Allentown, PA, for Defendant: G. Attiyeh.

Anthony S. Pinnie, Frayne & Tuite, Wayne, PA, for Defendant: Harred Fuel.

## MEMORANDUM

JOYNER, District Judge.

This action comes before us on Defendant Harred Fuel Company's motion to dismiss for failure to state a claim upon which relief can be granted and in the alternative, for summary judgment.

Defendant Harred Fuel Company ("Harred"), owns the premises at 451 Lehigh Street in Allentown, Pennsylvania. On or about September 11, 1984, Harred leased the premises to Defendants Dennis and George Attiyeh ("the Attiyehs"), who own and operate Defendant Acorn Hotel, Inc. ("Acorn"). Upon the signing of the lease, the Attiyehs assumed operation of Acorn and its public bar. Ten years later, on April 17, 1994, Plaintiff Lenford Bryan entered Acorn, where he was shot and injured. He and his wife, Angela Bryan ("the Bryans"), instituted this action against the above named defendants, alleging that they were negligent in failing to provide security for persons on the premises, and for failing to provide a safe premises for those lawfully on the premises. Harred now moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993), *cert. denied*, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ran-*

*som v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

■ Harred first argues that as a landlord out of possession, it has no duty to protect lessees or those on the property by the lessees' right from the criminal acts of third persons. The Pennsylvania Supreme Court has held that there is "no general duty of a landlord to protect tenants against criminal intrusion" recognizing that to impose such a duty would "effectively require landlords to be insurers of their tenants safety: a burden which could never be completely met given the unfortunate realities of modern society." *Feld v. Merriam*, 506 Pa. 383, 392–93, 485 A.2d 742, 746–47 (1984). An exception to this rule occurs when "a landlord undertakes to secure the areas within his control and possibly fosters a reliance by his tenants on his efforts." *Feld*, 506 Pa. at 393, 485 A.2d at 747.

■ There is no allegation in the Bryans' complaint that Harred undertook to provide security for the premises. As a result, the complaint establishes no general duty on the part of Harred to protect the Bryans from the criminal acts of third persons.

■ Although not specifically raised by the Bryans, Restatement (Second) of Torts § 359 creates a possible exception to the general rule of landlord non-liability. This section deals with lessors who lease land with a purpose involving the admission of the public, and creates liability for "physical harm caused . . . by a condition of the land existing when the lessee takes possession. . . ." However, this exception does not apply here, because the words "condition of the land" contained in § 359 have been applied only to physical defects in the premises, and not to conduct or other external forces operating on the land. *See e.g., Utesch v. Atlas Motor Inns, Inc.*, 687 F.2d 20 (3d Cir.1982) (lessor of hotel premises held liable under § 359 for defective swimming pool; decided under Virgin Islands law); *cf., Hunziker v. Scheidemantle*, 543 F.2d 489 (3d Cir.1976) (lessor of airport premises not liable under § 359 where crash was due to foggy conditions, which did not constitute a "condition of the land.")

Here, the injury allegedly resulted from conduct occurring on the land, and not from a defect in the land itself. Therefore, this exception does not apply to the instant case. As a result, the Bryans have established no duty on the part of Harred to protect them from the criminal acts of third persons, and this element of the claim is dismissed.

■ Harred also argues that in addition to owing no general tort duty to the Bryans, neither does it owe any contractually created duty under the terms of its lease contract with the Attiyehs. The complaint makes no reference to any provision in the lease in which Harred promised to protect Acorn's business invitees against the harmful acts of third parties. Since the complaint pleads no facts which, if true, would establish such a contractual duty, any claim in this regard is dismissed.

Finally, Harred argues that the Bryans have not stated a cause of action with regard to their claim that Harred was negligent in not enforcing the clause of the lease that required the Attiyehs to maintain liability insurance, since the complaint does not allege how the Bryans are third party beneficiaries to the lease.

■ In Pennsylvania, a person is considered a third party beneficiary if:

(1) . . . recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and

. . .

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983) (adopting Restatement (Second) of Contracts § 302); *see also Scarpitti v. Weborg*, 530 Pa. 366, 373, 609 A.2d 147, 150–51 (1992).

The Bryans' complaint does not allege that the lease's liability insurance clause manifests an intention to benefit third parties such as the Attiyehs' and Acorn's business invitees. Thus, in order to determine whether the Bryans should be considered intended beneficiaries of that provision, we must consider the lease signatories' intent.

In similar situations, Pennsylvania courts have held that insurance clauses do not create third party beneficiary status because these clauses are typically drafted to protect lessors, not to benefit lessees' business invitees. *See Silverman v. Food Fair Stores, Inc.,* 407 Pa. 507, 510, 180 A.2d 894, 896 (1962); *Deeter v. Dull Corp.,* 420 Pa.Super. 576, 617 A.2d 336 (1992), *app. denied,* 535 Pa. 619, 629 A.2d 1380 (1993); *Fizz v. Kurtz, Dowd & Nuss, Inc.,* 360 Pa.Super. 151, 519 A.2d 1037 (1987).

Here, the complaint does not allege that the leases's liability provision was intended to benefit third parties. Rather, it is more likely that the provision was intended to protect Harred from third party claims. For that reason, we find that recognizing the Bryans as third party beneficiaries of the lease between Harred and the Attiyehs would not "effectuate the intent of the parties." *Scarpitti,* 530 Pa. at 373, 609 A.2d at 150. Accordingly, the Bryans have failed to state a claim upon which relief may be granted and we dismiss this element of the complaint.

In sum, the Bryans have not stated a claim upon which relief may be granted for negligence, as they have not established that Harred had a duty to protect against the criminal acts of third persons. In addition, the complaint does not allege any contractual duty under the lease on the part of Harred, nor does it adequately allege that the Bryans are third party beneficiaries of the liability insurance clause of the lease. As a result, Harred's motion shall be granted, and these claims dismissed.

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of July, 1996, upon consideration of Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and/or Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56, it is hereby ORDERED that the Motion to Dismiss is GRANTED. Defendant Harred Fuel Company is hereby DISMISSED from this action. The Motion for Summary Judgment is DENIED as moot.