

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2008

# Tredennick v. Bone

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4830

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tredennick v. Bone" (2008). *2008 Decisions*. Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4830

_____

JOANN TREDENNICK,

Appellant

v.

THOMAS BONE; MICHAEL J. MARTIN; TIM ZUBER;
ADAM CUPERSMITH; KEN PICCIANO; KIM WICK and
DOUG VIDA, trading and doing business as,
KPMG LLP; EMANUEL B. HUDOCK

_____

On Appeal for the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-00735)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted under Third Circuit LAR 34.1 (a)
on December 11, 2008

Before:  McKEE, SMITH and ROTH, Circuit Judges

(Opinion filed: December 29, 2008)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge:

JoAnn Tredennick appeals the dismissal of her suit for failure to state a claim pursuant to Rule 12(b)(6).  In her complaint, Tredennick pleads breach of contract, negligence, fraud, and negligent misrepresentation.  She alleges defendants, Thomas Bone, Michael Martin, Tim Zuber, Adam Cupersmith, Ken Picciano, Kim Wick, and Doug Vida, trading and doing business as KPMG LLP (KPMG defendants), and defendant Emanuel B. Hudock failed to disclose certain tax information to her resulting in significant tax liability and other losses.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision.  For the reasons given below, we affirm the dismissal of Tredennick's claims.[1]

The District Court correctly found Tredennick's breach of contract claim against the KPMG defendants failed.  The contract for tax services on which Tredennick relies was between KPMG and Resco Products, Inc., not between KPMG and Tredennick.  Even though Tredennick is the majority shareholder in Resco, holding 92% of its capital stock, she was not an intended third-party beneficiary of the contract because, under Pennsylvania law, a party becomes a third party beneficiary "only where both parties to the contract express an intent to benefit the third party in the contract itself." *Scarpitti v.*

---

[1]We review dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).  We will accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff.  *See Watson v. Abington Tpk.*, 478 F.3d 144, 150 (3d Cir. 2007).

*Weborg*, 609 A.2d 147, 150 (Pa. 1992) (citing Restatement (Second) of Contracts § 302(1)). Additionally, this contract specifically provided that any advice or recommendations "may not be relied upon by any third party." Accordingly, Tredennick's breach of contract claim was properly dismissed.

The District Court appropriately dismissed Tredennick's professional negligence claim against all defendants. Under well-established Pennsylvania law, a plaintiff cannot sustain a professional negligence action unless she is in privity with the party against whom the action is directed. *See Landell v. Lybrand*, 107 A. 783 (Pa. 1919). Moreover, to maintain a malpractice action based on negligence, there must have been an undertaking to perform a specific service for the plaintiff. *See Guy v. Liederbach*, 459 A.2d 744, 750 (Pa. 1983). Tredennick has failed to demonstrate that she was in privity with any of the defendants and that any defendant performed a specific service for her. Therefore, her negligence claim was correctly dismissed.

Again we agree with the District Court's dismissal of Tredennick's claim of fraud against all defendants. Under Federal Rule of Civil Procedure 9(b), a plaintiff must allege with particularity all the essential elements of actionable fraud. Fed. R. Civ. P. 9(b). In the context of fraud against accountants, a plaintiff must demonstrate the manner in which the defendant departed from reasonable accounting practices. *See Christidis v. First Pa. Mortgage Trust*, 717 F.2d 96, 100 (3d Cir. 1983). Additionally, where multiple defendants are involved, the complaint should inform each defendant of the nature of his

3

alleged participation in the fraud. *See Silverstein v. Percudani*, 422 F. Supp. 2d 468, 472-73 (M.D. Pa. 2006). Tredennick's complaint does not meet the pleading requirements for fraud because she failed to provide information concerning the manner in which defendants departed from reasonable accounting practices. Accordingly, the District Court was correct in dismissing her fraud claim.

Finally, the district court properly dismissed Tredennick's negligent misrepresentation claim. To survive a motion to dismiss, a plaintiff with a negligent misrepresentation claim must demonstrate that (1) the defendant made a misrepresentation of material fact, (2) with knowledge of its falsity, (3) with the intent to induce the plaintiff to act on it, and (4) injury must result to the plaintiff, acting in justifiable reliance on the misrepresentation. *See Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). Tredennick cannot establish it was foreseeable that she would use or rely on the accounting information KPMG provided because the contract between Resco and KPMG specifically forecloses third party reliance on such information. Therefore, we agree with the District Court's dismissal of Tredennick's negligent misrepresentation claim.

Accordingly, for the foregoing reasons we conclude, as did the district court, that all of Tredennick's claims must be dismissed for failure to state a claim.[2]

We will affirm the judgment of the District Court.

---

[2]We agree with the district court that we need not address the KPMG defendants' alternative argument that the parties are bound to arbitrate this dispute.

4