**Tamburro v. Mills**

*Matthew B. Weisberg*, for plaintiffs/appellants.
*Aaron Edward Moore*, for defendant/appellee.

MASSIAH-JACKSON, *J.*, September 23, 2013—On April 30, 2013, Ms. Colleen Tamburro filed an amended complaint on behalf of her two minor children who claim to be disappointed, would-be beneficiaries of an annuity policy. The plaintiffs commenced professional negligence and breach of contract litigation against attorney Michael Mills and his law firm. Defendants filed preliminary objections to the amended complaint with challenges to venue and in the nature of a demurrer. The parties subsequently agreed to withdraw the venue challenge and the court was asked to consider the substantive issues raised.

In Pennsylvania the class of individuals who are intended third-party beneficiaries with standing to pursue litigation is very narrow. *See e.g. Chen v. Chen*, 893 A.2d 87 (Pa. 2006); *Hicks v. Saboe*, 555 A.2d 1241 (Pa. 1989); *Pa. Liquor Control Board v. Rapistan, Inc.*, 371 A.2d 178 (Pa. 1976); *Steffy & Son, Inc. v. Citizens Bank*, 7 A.3d 278 (Pa. Superior Ct. 2010); *Hess v. Fox Rothschild, LLP*, 925 A.2d 798 (Pa. Superior Ct. 2007); *Minnich v. Yost*, 817 A.2d 538 (Pa. Superior Ct. 2003); *Strutz v. State Farm Mutual Insurance Co.*, 609 A.2d 569 (Pa. Superior Ct. 1992).

On August 6, 2013, this court filed an order which sustained the preliminary objections and dismissed the amended complaint with prejudice. Plaintiff-Tamburro filed a timely notice of appeal. In accordance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, this court respectfully submits to the Honorable Superior Court the order and attached memorandum, dated August 6, 2013, collectively attached herein as court exhibit "A", as the reasons for the rulings and order.

## ORDER

And now, this 6th day of August, 2013, upon consideration of preliminary objections to plaintiffs first amended complaint filed by defendants, Antheil, Maslow & MacMinn, LLP, and Michael Mills, Esquire, and plaintiffs response thereto, and for the reasons set forth in court exhibit "A", attached hereto, it is hereby ordered that the preliminary objections are sustained and each of plaintiffs' claims is dismissed with prejudice.

## Court Exhibit "A"

Ms. Colleen Tamburro, mother of minor children Ava Tamburro and Evan Tamburro, initiated this Legal Malpractice action against attorney Michael Mills and his law firm, Antheil, Maslow, and MacMinn, LLP (collectively "defendants"). Plaintiff-Tamburro asserts in count I a professional negligence claim and in count II a breach of contract claim on behalf of herself and as parent to the children. Defendants filed preliminary objections in the nature of a demurrer per Rule 1028(a)(4) to plaintiffs' first amended complaint. Challenges to venue were withdrawn. After careful consideration of the circumstances presented, the preliminary objections are sustained. This court concludes that no recovery is

possible and the first amended complaint is dismissed with prejudice.

Ms. Tamburro's father, John L. Moyer, who died in July, 2011, was a client of the named defendants. The plaintiffs allege that the defendants failed to file the "correct paperwork" to name Ava and Evan as beneficiaries of a Genworth annuity.

Count I — Professional Negligence

In Pennsylvania, an individual may file a legal malpractice claim in negligence (trespass) and for breach of contract (assumpsit) against the attorney who represented her. *Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983); *Coleman v. Duane Morris, LLP*, 58 A.3d 833 (Pa. Superior Ct. 2013), allocator granted, June, 2013. The Supreme Court noted in *Guy* at 459 A.2d 746 that there must exist an attorney-client relationship or an analogous professional relationship to maintain an action in negligence for professional malpractice. *See also*, 459 A.2d at 750:

> "Thus we retain the requirement that plaintiff must show an attorney-client relationship or a specific undertaking by the attorney furnishing professionals services...as a necessary prerequisite for maintaining such suits in trespass on a theory of negligence."

Similarly, *Fiorentino v. Rapoport*, 693 A.2d 208 (Pa. Superior Ct. 1997), noted the differing elements of proof necessary when an individual sues her attorney under either a negligence theory or breach of contract. See, 693 A.2d at 212:

> "In a trespass action alleging legal malpractice concerning a civil matter, the plaintiff must establish

three elements in order to recover: (1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that the attorney's failure to exercise the requisite level of skill and knowledge was the proximate cause of damage to the plaintiff."

In the case at bar, significantly absent from plaintiffs' first amended complaint in any claim that these plaintiffs and these defendants maintained an attorney-client relationship, Rather, the Introduction states:

"Plaintiffs' grandfather, John L. Moyer, retained Defendants toward setting up an estate plan."

When considering a demurrer, the court determines whether, on the facts averred, the law says with certainty that no recovery is possible. This court concludes that no recovery in negligence is possible in the absence of an attorney-client relationship. Count I of plaintiff-Tamburro's first amended complaint is dismissed with prejudice.

Count II — Breach of Contract

Paragraph 17 of the first amended complaint sets forth the plaintiff's alternative cause of action:

"17. Plaintiffs were third-party or otherwise to be beneficiaries under a contract for legal services between Defendant and Decedent, John L. Moyer. (In the possession of Defendants)."

The defendants' memoranda point out alleged deficiencies in the breach of contract count:

"[Plaintiff] has, in a conclusory manner, alleged that Mills, 'fail[ed] to file paperwork to amend beneficiaries

of the Genworth Annuity,' which allegedly resulted in her children's exclusion from the proceeds of the annuity upon her father's death. Tamburro has not alleged that her father ever specifically requested that Mills file change of beneficiary designation forms with Genworth. In fact, Tamburro has not alleged that her father ever provided executed change of beneficiary forms to Mills for purposes of having them filed with Genworth. Indeed, Tamburro has not specifically alleged any facts which would suggest that Mills, or anyone else at Antheil Maslow, failed to carry out any request made upon him by the decedent."

These plaintiffs correctly comment in their memorandum that "a neglected attorney-client relationship produces a breach of contract...." *See, Florentino v. Rapaport, supra,* 693 A.2d at 213, quoting *Bailey v. Tucker,* 621 A.2d 108 (Pa. 1993), "if an attorney agrees to provide his or her best efforts and fails to do so, an action in assumpsit will accrue." It can not be disputed that attorneys are bound to perform their duties properly. If Ava and Evan Tamburro have standing as third party beneficiaries, the litigation may proceed to trial for resolution of whether or not a professional contract (oral or written) exists and/or whether such contract was breached. Without standing, however, they can not assert a claim.

The defendant-attorneys preliminary objections seek dismissal on the basis that these plaintiffs do not have standing as third-party beneficiaries to bring this cause of action. Defendants assert "Tamburro has not alleged that defendants failed to properly draft a document which resulted in harm incurred by her or her children.... She... has not alleged that she caused to sustain individual harm as a result of any conduct or omission of Defendants. Nor

has she alleged that she was a beneficiary to the contract between Defendant and Moyer."

The Pennsylvania appellate court view of a third party beneficiary claim was noted in *Scarpitti v. Weborg*, 609 A.2d 147 (Pa. 1992) at 150-151:

"Accordingly, we hold that a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself,...unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." (emphasis in original) (citations omitted)

Recently, in *Burks v. Federal Insurance Co.*, 883 A.2d 1086 (Pa. Superior Ct. 2005), the Superior Court affirmed a trial court which sustained preliminary objections on the basis that a plaintiff was not a third party beneficiary and therefore had no standing to bring suit. The appellate court relied on *Scarpitti v. Weborg, supra*; *Guy v. Liederbach, supra*; and the Restatement (Second) of Contracts §302, to conclude that where a purported contract does not expressly state that the third party is intended to be a beneficiary, the plaintiffs must show that *both* parties to the contract intended that plaintiffs be beneficiaries *and* that such intent was within the parties' contemplation *at the time the contract was formed*. 883 A.2d at 1088. (emphasis supplied)

Plaintiff-Tamburro's reliance on the letter of September 2, 2011 is misplaced. The letter, written months after Mr.

Moyer's death, does not establish that *both* Mr. Moyer and defendant-attorneys intended Evan and Ava to be beneficiaries of the Genworth accounts and that such intent was within the parties' contemplation *at the time the contract was formed. See also, Hatbob v. Brown,* 575 A.2d 607 (Pa. Superior Ct. 1990), nonsuit affirmed when no evidence was introduced to indicate that attorney did not carry out intent of testator.

## Conclusion

For all of the reasons set forth above, the preliminary objections filed by defendants are sustained and the first amended complaint is dismissed with prejudice.