J. S50014/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FREDDIE BATTLE, ADMINISTRATRIX | : | IN THE SUPERIOR COURT OF |
| FOR THE ESTATE OF ERIC BATTLE, | : | PENNSYLVANIA |
| DECEASED, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1864 WDA 2013 |
| PRISON HEALTH SERVICES, INC., | : | |
| MHM CORRECTIONAL SERVICES, INC. | : | |

Appeal from the Order, October 30, 2013,
in the Court of Common Pleas of Greene County
Civil Division at No. A.D. No. 552, 20093942

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 24, 2015**

Appellant appeals from various orders below which granted summary judgment in favor of appellees in appellant's negligence and breach of contract action.  Finding no merit in the issues on appeal, we affirm.

Appellant is the administratrix for the Estate of Eric Battle.  Tragically, Battle died on June 4 or 5, 2005, of untreated diabetes while incarcerated at the State Correctional Institution at Greene ("SCI Greene").  Mental health issues contributed to Battle's death as they apparently caused him to refuse insulin treatment.  Appellees are the general health services provider and the mental health services provider, respectively, at SCI Greene.

On July 30, 2007, appellant commenced her action against appellees with the filing of a Writ of Summons. In a subsequently filed complaint, appellant raised a breach of contract count and multiple negligence-based counts. Ultimately, upon the filing of serial preliminary objections and amended complaints, summary judgment was granted in favor of both appellees as to all counts of the complaint.

On August 28, 2009, the court sustained appellees' preliminary objections as to the breach of contract claim. In an accompanying opinion of the same date, the court explained that appellant's claim, based upon a theory of third party beneficiary, was untenable because the contracts between the Department of Corrections and each of the appellees, using identical language, contained a clause specifically declaring that the parties did not intend to create any third party beneficiary rights.

On June 12, 2012, the trial court entered an order granting summary judgment to appellee MHM Correctional Services, Inc., on appellant's negligence claims. In an accompanying memorandum of the same date, the court explained that appellant's negligence claims were all barred by the two-year statute of limitations as Battle died no later than June 5, 2005, and suit was not commenced until July 30, 2007. The court dismissed appellant's discovery argument by noting that discovery does not toll the statute of limitations because death is a definitely established event putting survivors on notice to determine the cause of death, citing ***Pastierik v.***

***Duquesne Light Co.***, 526 A.2d 323 (Pa. 1987). Finally, the court examined the basis for estopping the invocation of the statute of limitations, fraudulent concealment. The court found no fraudulent concealment on the part of appellee MHM Correctional Services, Inc., and observed that appellant had at all times diligently pursued her inquiry into her son's death.

Finally, on October 30, 2013, the trial court entered an order granting summary judgment in favor of appellee Prison Health Services, Inc., as to all of appellant's negligence claims. In an accompanying memorandum of the same date, the court again explained that appellant's negligence claims were all barred by the two-year statute of limitations at 42 Pa.C.S.A. § 5524(2). After again rejecting discovery as tolling the statute of limitations, the trial court systematically examined in detail each instance of alleged fraudulent concealment raised by appellant, and gave reasons why none were valid.

We find no error with the trial court's analysis. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion and memoranda of the trial court, it is our determination that summary judgment was properly granted. The breach of contract claim was untenable because the underlying contract specifically decreed that the parties did not intend to create third party beneficiaries. The negligence claims were barred by the statute of limitations. The trial court's opinion, filed on August 28, 2009, and its two memoranda, filed June 12, 2012 and October 30, 2013, comprehensively discuss and properly

analyze the bases for summary judgment. We will adopt them as our own and affirm on those bases.

Finally, we review an argument of appellant not fully addressed by the trial court. Therein, appellant contends that another clause of the contracts between appellees and the Department of Corrections confers third party beneficiary status to inmates:

ARTICLE 2

SERVICES

2.1 The PROVIDER shall deliver general health care and specialized medical services to inmates incarcerated at the FACILITIES.

2.1 The PROVIDER shall deliver mental health services to inmates incarcerated at the FACILITIES.

Medical Services Agreement (upper); Mental Health Services Agreement (lower).

Appellant argues that because appellees cannot fulfill their contracts without treating inmates, such factor confers third party beneficiary status on appellant's decedent. We disagree.

Article 25 of both agreements, in identical language, clearly and unambiguously declares that it is the intent of the parties not to create third party beneficiaries:

ARTICLE 25

THIRD PARTY RIGHTS

25.1  The only parties to this AGREEMENT are the DEPARTMENT and PROVIDER.  The parties understand that this AGREEMENT does not create or intend to confer any rights in or on persons or entities not a party to this AGREEMENT.

Medical Services Agreement and Mental Health Services Agreement.

The intent of the parties is manifest.  Clause 2.1 of each agreement merely describes what the basic duties of the provider are.  To the extent that the clause suggests that third party beneficiary status may be available to inmates, Clause 25.1 clearly and unambiguously declares that that is not the case.

In support of her position, appellant cites and quotes ***Scarpitti v. Weborg***, 609 A.2d 147 (Pa. 1992), a case in which our supreme court expanded the rule designating third party beneficiary status:

> The current rule in Pennsylvania for designation of a party as a third party beneficiary was first articulated in the seminal case of ***Spires v. Hanover Fire Insurance Co.***, 364 Pa. 52, 70 A.2d 828 (1950) (plurality opinion).  In ***Spires***, we held that in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself.
>
> . . . .
>
> Accordingly, we hold that a party becomes a third party beneficiary only where both parties to the

> contract express an intention to benefit the third party in the contract itself, **Spires**, **supra**, **unless**, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

**Scarpitti**, 609 A.2d at 149, 150-151 (emphasis in original).

Appellant argues that the circumstances here are so compelling that recognition of third party beneficiary status is appropriate. We find that **Scarpitti** is inapposite in this case.

**Scarpitti** set out parameters for conferring third party beneficiary status where the parties to the underlying agreement failed to explicitly do so, but which agreement by its other terms clearly evinced an intention to create third party beneficiaries. The instant agreement did not merely fail to create third party beneficiaries; rather, the parties explicitly agreed that by their agreement they intended to create <u>no</u> third party beneficiaries. In the face of such an explicit directive in the underlying contract, it would be wholly improper even under **Scarpitti** to find that the contract actually did create third party beneficiaries. We find that appellant does not have third party beneficiary status.

Accordingly, having found that the trial court properly entered summary judgment against appellant, we will affirm the order below.

Orders of June 12, 2012 and October 30, 2013, granting summary judgment, are affirmed. Order of August 28, 2009, sustaining preliminary objections as to the breach of contract claim, is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015